IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BENJAMIN JAYE NEWTON, JR.                                                    PLAINTIFF

v.                                    Civil No. 4:17-cv-04060

HEMPSTEAD COUNTY JAIL                                                         DEFENDANT

**ORDER**

Before the Court is Plaintiff Benjamin Jaye Newton, Jr.'s failure to obey orders of the Court. On July 26, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se.* (ECF No. 1). That same day the Court directed Plaintiff to submit an amended complaint by August 21, 2017, naming as defendants the individuals he believed violated his federal constitutional rights.[1] (ECF No. 3).

Plaintiff did not respond to the Court's order to file an amended complaint. On October 3, 2017, the Court issued an order to Plaintiff giving him until October 16, 2017, to show cause as to why he failed to file an amended complaint by August 21, 2017. (ECF No. 8). Plaintiff was advised in the order that failure to respond within the required period of time would result in the dismissal of his case. To date, Plaintiff has not responded to the Court's order to show cause.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within

---

[1] The Hempstead County Jail is a building and not a person subject to suit under 42. U.S.C. § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's department and police departments are not usually considered legal entities subject to suit").

1

thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of November, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge